This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LAWRENCE ORTEGA and**
**ROSALIE ORTEGA,**

Plaintiffs-Appellants,

v.                                                                          **NO. 29,179**

**PRESCILLA RIDDLE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Abigail Aragon, District Judge**

The Herrera Firm, P.C.
Samuel M. Herrera
Taos, NM

for Appellants

Rudy Martin
Espanola, NM

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Plaintiffs Lawrence and Rosalie Ortega sued Defendant Prescilla Riddle to quiet title or, alternatively, in adverse possession, to establish ownership of a 12-foot strip of land running from their "postage stamp shaped parcel" known as Lot 1 to a road called Cabresto Road. We refer to the parcel as Lot 1. Plaintiffs describe the 12-foot strip as the "panhandle strip" and "the panhandle" and they refer to the 12-foot strip and Lot 1 together as "a panhandled parcel of land[,] the panhandle of which went to [Cabresto] Road." Jose and Cecilia Gonzales, Vincent Lujan, and Arabella Lujan (Intervenors) intervened as plaintiffs to quiet title and affirm easement rights over the strip.

The district court concluded and adjudged that Plaintiffs and Intervenors failed to prove by a preponderance of the evidence their fee-simple ownership of the 12-foot strip, failed to prove adverse possession by clear and convincing evidence, and failed to prove by a preponderance of the evidence that the strip was necessary to access their properties. Plaintiffs and Intervenors appealed. Intervenors did not file a brief with this Court and have therefore abandoned their appeal.

Plaintiffs state the appellate issues as: (1) whether substantial evidence supported the court's denial of their claims; (2) whether substantial evidence supported certain of the court's findings of fact; (3) whether the court abused its discretion in admitting double hearsay, unauthenticated, incomplete, and untranslated

Spanish documents and evidence; and (4) whether the court abused its discretion in denying their motion for Rule 1-011 NMRA sanctions. We hold that the district court did not err in any respect.

**DISCUSSION**

We first note our displeasure at having to invest an inordinate number of hours over too many days weeding through unclear and inadequate presentations in an attempt to make sense of the issues, arguments, and failures to carefully explain the ambiguous and unclear documentary record on which the district court had to decide this case.

We review de novo a district court's legal conclusion that a party has failed to sustain the burden of proof. *In re Estate of Kimble*, 117 N.M. 258, 260, 871 P.2d 22, 24 (Ct. App. 1994) ("Whether there exists sufficient evidence to support a claim or defense is a question of law for the trial court, reviewable by the appellate court.").

The critical documents transferring title to parcels of property that Plaintiffs contend they own incorrectly, inadequately, or unclearly describe the property in a manner that permits or requires us to conclude that Plaintiffs proved by a preponderance of evidence that, at any time, they owned the 28.04 acres originally owned by Davie Gallegos, including the 12-foot strip that is the subject of this appeal. Furthermore, this preponderance-of-evidence failure on Plaintiffs' part includes an

unclear and confusing presentation of what property they contend they ultimately owned. We touch on some, but certainly not all, of the confusion created by the briefing and by the documents, and ultimately the resulting inadequacy of proof.

The Davie Gallegos 28.04-acre parcel, which was Small Holding Claim No. 1973, may well have been transferred to and then quieted in Rosita Ortega. The 1936 deed from David Gallegos to Rosita Ortega appears to reflect that Gallegos transferred 28 acres to Rosita Ortega. It appears that these acres were situated in Tract 33. Tract 33 on Map 4 of Survey 7 was quieted in Rosita Ortega. Assuming that Rosita Ortega owned the 28 acres transferred to her, she could have and may well have, transferred those acres to Eulogio Ortega in her February 5, 1962, deed transferring 28.5 acres.

However, there exists no satisfactory explanation or documentation in the record or in Plaintiffs' briefs as to how Eulogio Ortega acquired the 30.45 acres he and Lorenza Ortega deeded to Plaintiffs in the June 19, 1990, deed, or of what specific property the 30.45 acres consisted of. The 30.45 acres was described as being situated in Questa School District 9-7 Out, and further described as Lot 1 within the NE ¼ of Section 29, T29N, R13E. From the fact that the June 19, 1990, deed also appears to reference by its recording information the February 5, 1962, deed to the 28.5 acres, and also appears to reference by a docket number the quiet title action, Plaintiffs require an inference to be drawn that Eulogio Ortega intended to transfer the 28.5

4

acres he received from Rosita Ortega when transferring the 30.45 acres to Plaintiffs. But it remains unclear of what the 30.45 acres specifically consisted of or from what, specifically, it was derived. One can only speculate.

Whatever the speculation might be, Plaintiffs received more than the 28.5 acres, and the property conveyed, namely, Lot 1 within the NE ¼ of Section 29, T29N, R13E, is nowhere shown, with any degree of reasonable certainty, to be or contain the 28.5 acres deeded to Rosita Ortega. The June 19, 1990, deed of 30.45 acres to Plaintiffs did not contain a metes and bounds description and none of the documents involving transfer of the 28.5 acres that preceded the June 19, 1990, deed contained a metes and bounds description. Nothing in the record sufficiently ties the 30.45 acres in the June 19, 1990, deed to any metes and bounds description or even to any particular parcel on any particular survey. No expert testified. No surveyor testified. No one in the purported chain of title testified. We are unable to say that the district court erred in its determination that Plaintiffs failed to prove ownership of the 28.04-acre or 28.5-acre parcel by a preponderance of evidence, much less prove that the 12-foot strip was part of the 30.45-acre parcel.

In their supplemental brief, Plaintiffs acknowledge that in the initial briefing there was confusion as to the panhandle parcel that Plaintiffs called "Lot 1," which Plaintiffs earlier stated they owned and consisted of 30.45 acres. Lot 1 appeared to

be the 35.45-acre parcel shown on Plaintiffs' Exhibit 19. Yet Plaintiffs discussed ownership of the 28.5-acre parcel constituting Small Holding Claim No. 1973 shown on Plaintiffs' Exhibit 19. Plaintiffs have not clarified to our satisfaction that they received title to the 28.5-acre parcel or that the 12-foot strip was retained by Eulogio Ortega and deeded to Plaintiffs. Interestingly, Plaintiffs contend that a substantial part of the 28.5-acre parcel lies in Section 20, and also that a substantial part lies in Section 29. Yet they contend that "Section 20" in the February 5, 1962, deed referring to the 30.4-acre tract is a typographical error and that it should read "Section 29." This adds to the considerable confusion in the record and the briefs. The fact of the matter is that Plaintiffs have presented in documentation and in argument a much too confused, inadequate, and inclusive case for a quiet title judgment in their favor as to the 12-foot strip.

We do not see where Plaintiffs asked this Court to determine that the district court erred in failing to find or hold that Plaintiffs were entitled to the 12-foot strip through adverse possession. Were we to consider the issue, we would hold that the district court did not err in determining that Plaintiffs' proof failed on that issue. We also see no basis on which to reverse on the ground that some of the district court's findings may not have been supported by the evidence. Assuming, without deciding, that attacked findings were not adequately supported, we see no basis on which to

determine that any such finding was critical for the district court's and this Court's ultimate determinations that Plaintiffs failed to establish ownership of the 12-foot strip by a preponderance of the evidence. Further, we see no reversible error in any of the court's evidentiary determinations. The court was fully capable of discerning the evidentiary value and relevance of the documents that were admitted. And we see no abuse of discretion or reversible error in exclusion of evidence. Further, it does not appear that any of the documents as to which Plaintiffs have concern would change our view that the district court did not err in its failure-of-proof determinations. Last, we see no basis on which to determine that the district court erred in refusing to sanction.

**CONCLUSION**

We affirm the district court.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____

**MICHAEL E. VIGIL, Judge**